1    C. Brandon Wisoff (State Bar No. 121930)
     bwisoff@fbm.com
2    Eric D. Monek Anderson (State Bar No. 320934)
     emonekanderson@fbm.com
3    Farella Braun + Martel LLP
     235 Montgomery Street, 17th Floor
4    San Francisco, California 94104
     Telephone: (415) 954-4400
5    Facsimile: (415) 954-4480

6    Maeve L. O'Connor (*pro hac vice* application forthcoming)
     Elliot Greenfield (*pro hac vice* application forthcoming)
7    Debevoise & Plimpton LLP
     919 Third Avenue
8    New York, New York  10022
     Telephone: 212.909.6000
9    Email: mloconnor@debevoise.com
     Email: egreenfield@debevoise.com
10

11    Attorneys for Defendants
     ROBINHOOD MARKETS, INC.;
     ROBINHOOD FINANCIAL LLC;
12    ROBINHOOD SECURITIES, LLC

13         **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA**

15         **SAN FRANCISCO DIVISION**

16

| | |
|---|---|
| JASON STEINBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROBINHOOD MARKETS, INC.; ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES, LLC and Does 1 through 20, inclusive,<br><br>        Defendants. | Case No.:  20-2343<br><br>**NOTICE OF REMOVAL**<br><br>**CLASS ACTION** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Defendants' Notice of Removal

38567\13165618.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JASON STEINBERG AND HIS COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453, Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of San Mateo to this Court based on the following grounds:

**I.      PROCEDURAL HISTORY**

1.      On March 6, 2020, Plaintiff Jason Steinberg filed this action, entitled *Steinberg et. al. v. Robinhood Markets, Inc., Robinhood Financial LLC, Robinhood Securities, LLC, and Does 1 through 100, inclusive*, Case No. 20-CIV-01482, as a putative class action in the Superior Court of the State of California for the County of San Mateo.

2.      Defendants received the summons and Complaint on March 10, 2020.  Copies of all process, pleadings and orders served on Defendants are attached as **Exhibit A**.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

4.      Copies of this Notice of Removal will promptly be filed with the Clerk of the Superior Court of the State of California for the County of San Mateo and served on Plaintiff's counsel of record pursuant to 28 U.S.C. § 1446(d).

5.      This case properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.  The Superior Court for the State of California for the County of San Mateo is located within the jurisdiction of the United States District Court for the Northern District of California.  Furthermore, under Local Rule 3-2(d), the San Francisco Division is the proper division of this Court because Plaintiff filed his action in San Mateo County Superior Court alleging that his claims arose in whole or part in that County.  In addition, the earliest-filed action in this District related to the instant action is assigned to the Honorable James Donato in the San Francisco Division.  That action is entitled *Beckman, et. al. v. Robinhood*

1   *Markets, Inc., Robinhood Financial LLC, Robinhood Securities, LLC*, Case No. 20-cv-01626.

2   **II.      REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.**

3      6.       This Court has original jurisdiction over this action pursuant to 28 U.S.C.

4   § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because as alleged (i)

5   this is a putative class action plaintiff class of 100 or more members; (ii) the matter in controversy

6   exceeds $5 million, exclusive of interest and costs, under Plaintiff's theory of recovery; and (iii)

7   minimum diversity is satisfied.  28 U.S.C. § 1332(d)(2).  Removal is therefore authorized by 28

8   U.S.C. § 1441.

9      **A.      The Class Action Requirement Is Satisfied.**

10      7.       CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal

11   Rules of Procedure or similar state statute or rule of judicial procedure authorizing an action to be

12   brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

13      8.       This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B)

14   because it was filed under a state statute or rule of judicial procedure, California Code of Civil

15   Procedure § 382, that, like Federal Rule of Civil Procedure 23, authorizes an action to be brought

16   by one or more representative persons as a class action.  (Compl. ¶¶ 34-36.)

17      9.       Plaintiff purports to represent a class of "All Robinhood users who were unable to

18   use or access their Robinhood accounts due to service outages occurring in March of 2020" (the

19   "Proposed Class").  (Compl. ¶ 34.)  Though Plaintiff does not specify the number of persons

20   included in the putative class, he alleges that "[t]here are millions of users of Robinhood's

21   services," making the class "so numerous that joinder of all members is impracticable."  (Compl. ¶

22   36.)  Plaintiff also alleges that "Robinhood has 10 million users," and that the alleged event

23   precipitating this action was "systemwide" – *i.e.*, affecting all Robinhood accountholders.

24   (Compl. ¶¶ 21, 24; *see also* Declaration of Miles Wellesley ("Wellesley Decl.") ¶ 7.)  On the face

25   of the Complaint, the requirement that the Proposed Class involves 100 or more members is easily

26   satisfied.

27      **B.      The Amount in Controversy Requirement Is Satisfied.**

28      10.       The amount in controversy requirement is satisfied under the theory asserted by

1    Plaintiff because the claims of putative class members, aggregated together, exceed the sum or

2    value of $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (d)(6).

3         11.    A notice of removal under CAFA "'need include only a plausible allegation that the

4    amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary

5    submissions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting

6    *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

7         12.    Plaintiff asserts seven causes of action: (i) declaratory relief; (ii) violations of the

8    California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750; (iii) fraud and deceit; (iv)

9    negligent misrepresentation; (v) negligence; (vi) violations of California's Unfair Competition

10   Law; and (vii) breach of fiduciary duty.  (Compl. ¶¶ 37-89.)  Plaintiff seeks compensatory

11   damages, as well as punitive damages and restitution "where available."  (Compl. at 15.)

12        13.    Each of Plaintiff's claims is based on his allegation that the Robinhood mobile app

13   and website experienced "systemwide" outages on March 2-3, 2020, preventing all users from

14   utilizing their accounts to make trades.  (Compl. ¶¶ 24-25.)  The Proposed Class therefore includes

15   all "10 million" Robinhood accountholders.  (Compl. ¶¶ 21, 34; *see also* Wellesley Decl. ¶ 7.)

16        15.    The amount in controversy requirement is easily satisfied given Plaintiff's

17   allegation that the outage left customers "unable to reap the benefits of a 5.1% rally in the Dow

18   Jones Industrial Average" and were "unable to access their funds or make trades while the markets

19   gained a record $1.1 trillion."  (Compl. ¶¶ 2, 30.)

20        16.    On average, each member of the putative class would need to claim approximately

21   $0.50 of compensatory damages under Plaintiff's theory in order for the aggregate amount in

22   controversy to meet the statutory minimum.

23        17.    Any potential award of punitive damages, restitution, and attorneys' fees would

24   further increase the amount in controversy.  *See Schneider v. Ford Motor Co.*, 2020 WL 991531,

25   at *3 (N.D. Cal. Mar. 2, 2020) ("Courts must include future attorneys' fees recoverable by statute

26   or contract when assessing whether the amount-in-controversy requirement is met.").

27        18.    While Defendants deny that Plaintiff or any putative class members are entitled to

28   recover any amount (or any other relief), Plaintiff plainly seeks to recover an aggregate amount

over $5 million.

19.   Notably, seven other putative class action lawsuits have been filed in federal court asserting contract and tort claims based on substantially identical allegations – each of which asserts federal jurisdiction based on CAFA and specifically alleges that aggregate damages exceed $5 million.  (Decl. of Brandon Wisoff, Ex. 1, *Beckman* Complaint ¶ 8, Ex. 2, *Adame* Complaint ¶ 14, Ex. 3, *Riggs* Complaint ¶ 4, Ex. 4, *Prendergast* Complaint ¶ 12, Ex. 5, *Johann* Complaint ¶ 7, Ex. 6, *Queen* Complaint ¶ 6, Ex. 7, *Metzler* Complaint ¶ 6; Ex. 8, *Taaffe* Complaint ¶ 6.)

**C.**     **The Minimal Diversity Requirement Is Satisfied.**

20.   The minimal diversity of citizenship provision of 28 U.S.C. § 1332(d)(2)(A), requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant," is satisfied.

21.   Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and the state where it has its principal place of business.  Defendant Robinhood Markets, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California, and is therefore a citizen of Delaware and California.  (Compl. ¶ 13; Wellesley Decl. ¶ 4.)

22.   For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Meza v. Lowe's Home Centers, LLC*, No. 15-CV-02320, 2015 WL 5462053, at *2 (N.D. Cal. Sept. 16, 2015) (holding limited liability company to be a citizen of state in which sole member corporation was incorporated and had its principal place of business).

23.   Robinhood Financial LLC is a Delaware limited liability company.  Robinhood Markets, Inc. is the sole owner and member of Robinhood Financial LLC.  (Compl. ¶ 13; Wellesley Decl. ¶ 5.)  For purposes of diversity jurisdiction, therefore, Robinhood Financial LLC is a citizen of Delaware and California.

24.   Robinhood Securities, LLC is a Delaware limited liability company.  Robinhood Markets, Inc. is the sole owner and member of Robinhood Securities, LLC.  (Compl. ¶ 13;

1    Wellesley Decl. ¶ 6.)  For purposes of diversity jurisdiction, therefore, Robinhood Securities, LLC

2    is a citizen of Delaware and California.

3         25.    The citizenship of defendants sued under fictitious names is to be "disregarded" for

4    purposes of assessing diversity jurisdiction.  28 U.S.C. § 1441(b)(1).

5         26.    Plaintiff is a citizen of California.  (Compl. ¶ 12.)  The Proposed Class includes

6    "[a]ll Robinhood users who were unable to use or access their Robinhood accounts" during a

7    "systemwide" outage – *i.e.*, all Robinhood accountholders.  (Compl. ¶ 34.)

8         27.    Over 10 million Robinhood accounts have been approved.  (Wellesley Decl. ¶ 7.)

9    Robinhood accountholders reside in all 50 states.  (Wellesley Decl. ¶ 7.)

10        28.    Indeed, the named plaintiffs in other putative class actions – all of whom are

11   included in the putative class defined in this action – reside in states other than Delaware and

12   California.  (Decl. of Brandon Wisoff, Ex. 1, *Beckman* Complaint ¶ 4 (Florida), Ex. 2, *Adame*

13   Complaint ¶ 9 (New York), Ex. 3, *Riggs* Complaint ¶ 8 (Pennsylvania), Ex. 5, *Johann* Complaint

14   ¶¶ 10-11 (New York and North Carolina), Ex. 6, *Queen* Complaint ¶ 10 (Virginia), Ex. 7, *Metzler*

15   Complaint ¶ 10 (Utah); Ex. 8, Taaffe Complaint ¶ 1 (Florida).)

16        29.    Minimal diversity of citizenship is therefore satisfied because at least one

17   prospective class member is a citizen of a state different from any defendant.

18   **III.    REMOVAL IS ALSO PROPER BASED ON FEDERAL QUESTION**

19   **JURISDICTION.**

20        30.    This Court has original jurisdiction over this action because it arises "under the

21   Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  Removal is therefore

22   authorized by 28 U.S.C. § 1441.

23        31.    This action involves allegations that Defendants violated regulations promulgated

24   by the Financial Industry Regulatory Authority ("FINRA").  (Compl. ¶¶ 67, 81.)

25        32.    Plaintiff alleges that "Robinhood is a FINRA-approved broker-dealer," and that

26   Defendant "failed to create an adequate plan that satisfied the minimum requirements by FINRA."

27   (Compl. ¶¶ 19, 67.)  Plaintiff further alleges that Defendant's conduct violated California's Unfair

28   Competition Law, stating that the conduct was "unlawful because it violates FINRA rules."

Compl. ¶ 81.

33.     Where a plaintiff's state law claims are founded on conduct, "the propriety of which must be exclusively determined by federal law," the case may be removed to federal court under 28 U.S.C. §1441.  *Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011) (finding removal of state law claims proper where they turned on whether arbitrators violated FINRA arbitration rules) (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998)).

34.     To the extent that other state law claims do not arise under, or turn on, federal law, this Court has jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## IV.     CONCLUSION

35.     For the reasons set forth herein, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453, this action may be removed to this Federal District Court.


**WHEREFORE**, Defendants request that this action be brought to this Court, and this this Court make and enter such further orders as may be necessary and proper.


Dated:  April 7, 2020                       FARELLA BRAUN + MARTEL LLP


By:  _____/s/ C. Brandon Wisoff_____
          C. Brandon Wisoff

Attorneys for Defendants
ROROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC

# Exhibit A

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ANYA THEPOT (SBN 318430)
athepot@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577

*Attorneys for Plaintiff, Individually and on
Behalf of All Others Similarly Situated*

**Electronically
FILED**
by Superior Court of California, County of San Mateo
ON          3/6/2020
By_____ **/s/ Anthony Berini**
              **Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

20-CIV-01482

| | |
|---|---|
| JASON STEINBERG,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, Inc.,<br>ROBINHOOD FINANCIAL LLC,<br>ROBINHOOD SECURITIES, LLC<br>and DOES 1 through 20, inclusive,<br><br>                    Defendants. | **CLASS ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................... 2

II. JURISDICTION AND VENUE ................................................................ 3

III. THE PARTIES ...................................................................................... 3

IV. FACTUAL ALLEGATIONS ................................................................... 4

    A.    Robinhood's Platform and Services.................................................. 4

    B.    Massive System-Wide Outages in March 2020 ................................ 5

    C.    Plaintiff, and the Class, Suffered Significant Losses ...................... 7

V. CLASS ALLEGATIONS ......................................................................... 7

VI. CAUSES OF ACTION ........................................................................... 8

FIRST CAUSE OF ACTION
(Declaratory Relief) ................................................................................ 8

SECOND CAUSE OF ACTION
(Violations of Cal. Civ. Code §§ 1750 Et Seq.)........................................ 9

THIRD CAUSE OF ACTION
(Fraud and Deceit)................................................................................ 10

FOURTH CAUSE OF ACTION
(Negligent Misrepresentation)............................................................... 11

FIFTH CAUSE OF ACTION
(Negligence ) ......................................................................................... 11

SIXTH CAUSE OF ACTION
(Violation of California's Unfair Competition Law)............................... 13

SEVENTH CAUSE OF ACTION
(Breach of Fiduciary Duty).................................................................... 14

VII. PRAYER FOR RELIEF ...................................................................... 14

Plaintiff Jason Steinberg ("Steinberg" or "Plaintiff"), on behalf of himself and all other similarly situated (the "Class," as defined below), alleges as follows upon information and belief based, *inter alia*, upon investigation conducted by Plaintiff and his counsel, except as to those allegations pertaining to Plaintiff personally, which are alleged upon knowledge:

## I.   INTRODUCTION

1.      This action arises from Robinhood's massive system outage that prevented its users from logging in, trading, or accessing their accounts as stock markets surged.  Robinhood is a trading platform and application ("app") where users (investors) can trade stocks, options, exchange-traded funds, and cryptocurrency.  Therefore, the complete service outage was devastating to the users who planned to make trades during one of the largest market surges of all time.

2.      The extended outage lasted the entire day of March 2, 2020, and for part of the day on March 3, 2020.  The timing was horrible and left customers unable to reap the benefits of a 5.1% rally in the Dow Jones Industrial Average.  Users were locked out of their accounts and unable to access their funds or make trades while the markets gained a record $1.1 trillion.

3.      Plaintiff and the Class were damaged because they were prevented from using their accounts, including making planned trades or exercising options, which would have been very lucrative given the market change during the outages.

4.      Following the outages, Robinhood's co-CEOs stated that "the cause of the outage was stress on our infrastructure — which struggled with unprecedented load. That in turn led to a 'thundering herd' effect — triggering a failure of our DNS system."

5.      Robinhood continued apologized to its users: "When it comes to your money, issues like this are not acceptable. We realize we let you down, and our team is committed to improving your experience."

6.      By this action, Plaintiff and Class members seek to recover the damages caused by Robinhood's massive outages.

---

**CLASS ACTION COMPLAINT**                                                                 2

## II.   JURISDICTION AND VENUE

7.      This court's personal jurisdiction over Defendants named herein is proper because each Defendant maintains substantial contacts with California by and through its business operations in this state, as described herein, and because Plaintiff's injuries described herein arose out of and relate to those operations and occurred in California.

8.      Plaintiff has been harmed by Defendants' torts in California.

9.      The Superior Court of California for San Mateo County is a court of general jurisdiction and therefore has subject matter jurisdiction over this action.

10.    Venue is proper in San Mateo County pursuant to Code of Civil Procedure section 395.5 because Defendants are corporations, and because a substantial portion of the injuries giving rise to Defendants' liability occurred in San Mateo County.

11.    Venue is also proper in this County as Defendant Robinhood is headquartered in this County.

## III.   THE PARTIES

12.    Plaintiff Jason Steinberg resides in Santa Barbara County, California and is a user of the Robinhood platform.  During the outages on March 2 and March 3, 2020, Plaintiff Steinberg attempted to make trades but was prevented by the service outage.

13.    Defendant Robinhood Markets, Inc. ("Robinhood" or the "Company") is a financial services company headquartered in Menlo Park, California. Robinhood is a trading app and platform that lets investors trade stocks, options, exchange-traded funds and cryptocurrency.

14.    Robinhood Financial LLC and Robinhood Securities, LLC are wholly-owned subsidiaries of Robinhood Markets, Inc.  Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC are collectively referred to as "Defendants".

15.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 20 inclusive and, therefore, sue these Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when they are ascertained.  Plaintiff alleges that each of these Doe Defendants is

1    responsible in some manner for the acts and occurrences alleged herein, and that Plaintiff's

2    damages were caused by such Doe Defendants.

3        16.    Defendants, and the Doe Defendants, and each of them, are individually sued as

4    participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that

5    are the subject of this Complaint.

6        17.    At all relevant times, each Defendant was and is the agent of each of the

7    remaining Doe Defendants, and in doing the acts alleged herein, was acting within the course

8    and scope of such agency.  Each Defendant ratified and/or authorized the wrongful acts of each

9    of the other Doe Defendants.

10   **IV.**    **FACTUAL ALLEGATIONS**

11       **A.**    **Robinhood's Platform and Services**

12       18.    Robinhood is a U.S.-based financial services company headquartered in Menlo

13   Park, California.  The company offers a mobile app and website that offers people the ability to

14   invest in stocks, ETFs, and options through Robinhood Financial and crypto trading through

15   Robinhood Crypto.  Robinhood operates a website and mobile apps for iPhone, Apple Watch,

16   and Android.  The company has no storefront offices and operates entirely online.

17

18



19

20

21

22

23

24

25

26

27

28

19.     Robinhood is a FINRA[1]-approved broker-dealer, registered with the U.S. Securities and Exchange Commission ("SEC"), and is a member of the Securities Investor Protection Corporation.

20.     Per FINRA regulations, Defendants had a duty to develop, design, test, and monitor their services.  Defendants had a duty to create and maintain a written business continuity plan identifying procedures relating to an emergency or significant business disruption. Such procedures must be reasonably designed to enable the member to meet its existing obligations to customers during an emergency, such as an outage.

21.     Robinhood has 10 million users.

22.     Robinhood advertises its platform as the future of trading.  Robinhood promotes its online, "technology-driven" brokerage, as state of the art and exceptionally fast.  Robinhood states that trades are executed exceptionally fast, because:

> "In the stock market, a fraction of a second can mean the difference between a profit and a loss. Our team has built low-latency trading systems used by some of the world's largest financial institutions, and we're bringing that expertise to Robinhood. As a Robinhood customer, your self-directed orders will receive the best possible trade execution."

23.     Robinhood further claims trades are made in "real time."

**B.      Massive System-Wide Outages in March 2020**

24.     On March 2, 2020, Robinhood suffered a systemwide, all-day outage during the largest daily point gain in the Dow Jones' history.  Robinhood users were prevented from logging into their accounts and performing actions on the platform, including making trades and viewing their accounts.

25.     On March 3, 2020, Robinhood suffered another outage, where users were again prevented from logging into their accounts and performing actions on the platform, including making trades and viewing their accounts.

---

[1] Financial Industry Regulatory Authority ("FINRA") is the largest independent regulator for all securities firms doing business in the United States.

26.     On information and belief,  the outage was the result of a coding error regarding leap-year handling.

27.     Robinhood attributed the March 2, 2020, outages to "stress on our infrastructure — which struggled with unprecedented load. That in turn led to a 'thundering herd' effect — triggering a failure of our DNS system."

28.     Robinhood attributed the March 3, 2020 outage to what it called "instability in the part of its infrastructure that allows the company's systems to communicate with each other."

29.     After the outages were over, Robinhood sent a letter to its users, which stated:

> When it comes to your money, we know how important it is for you to have answers. The outages you have experienced over the last two days are not acceptable and we want to share an update on the current situation.
>
> Our team has spent the last two days evaluating and addressing this issue. We worked as quickly as possible to restore service, but it took us a while. Too long. We now understand the cause of the outage was stress on our infrastructure—which struggled with unprecedented load. That in turn led to a "thundering herd" effect—triggering a failure of our DNS system.
>
> Multiple factors contributed to the unprecedented load that ultimately led to the outages. The factors included, among others, highly volatile and historic market conditions; record volume; and record account sign-ups.
>
> Our team is continuing to work to improve the resilience of our infrastructure to meet the heightened load we have been experiencing. We're simultaneously working to reduce the interdependencies in our overall infrastructure. We're also investing in additional redundancies in our infrastructure.
>
> After a brief outage this morning, our trading platform was stable for the remainder of the day. As our engineering team works to upgrade our infrastructure, we may experience additional brief outages, but we're now better positioned to more quickly resolve them.
>
> We take our responsibility to you and your money seriously. We recognize that many of you have questions, and we're working to respond to them as quickly as possible.
>
> Many of you depend on Robinhood for your investments, and we're personally committed to doing all we can to operate a stable service that's available when you need it the most.
>
> —Baiju and Vlad, Co-Founders and Co-CEOs

CLASS ACTION COMPLAINT                                                                    6

1

2      **C.    Plaintiff, and the Class, Suffered Significant Losses**

3          30.     The outages could not have happened at a worse time as the Dow Jones Industrial

4    Average enjoyed the single biggest point gain since 2009 while users were locked out of their

5    accounts.  The market gained a record $1.1 trillion, all while Robinhood users were unable to

6    participate.

7          31.     Plaintiff was injured during the outage as he tried to sell options on March 2, 2020,

8    but he was unable to.  Numerous other users suffered similar losses.

9          32.     Plaintiff tried again to execute trades on March 3, 2020, but the Robinhood service

10   was unavailable and Plaintiff was unable to complete his trades.  Plaintiff again suffered additional

11   damages as a result of the continued outages.  Numerous other users suffered similar losses.

12         33.     Users who attempted to contact Robinhood during the outage were unable to, or

13   Robinhood failed to respond to requests for assistance.  Users were left with no recourse during

14   the outage.  Users were forced to simply sit and wait for the services to be re-established.

15   **V.    CLASS ALLEGATIONS**

16         34.     Plaintiff brings this action as a class action, pursuant to California Code of Civil

17   Procedure § 382 on behalf of a Class, defined as follows:

18         All Robinhood users who were unable to use or access their Robinhood accounts
           due to service outages occurring in March of 2020.
19

20         35.     Excluded from the Class are Robinhood and any entity in which Robinhood has a

21   controlling interest, as well as Robinhood's officers, directors, and employees, and their legal

22   representatives, heirs, successors, or assigns.

23         36.     This action is properly maintainable as a class action because:

24         a.      The Class is so numerous that joinder of all members is impracticable.  There are

25                 millions of users of Robinhood's services;

26         b.      There are questions of law and fact which are common to the Class including, inter

27                 alia, the following:  (i) whether the Defendants have violated various law; (ii)

28

committed fraud; (iii) whether Defendants were negligent; and (iv) whether the Class is entitled to damages, as a result of Defendants' wrongful conduct;

c.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature;

d.    The claims of Plaintiff are typical of the claims of other members of the Class and Plaintiff has the same interests as the other members of the Class.  Plaintiff will fairly and adequately represent the Class;

e.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

f.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Declaratory Relief)

37.    Plaintiff incorporates by reference each and every allegation contained above

38.    An actual controversy has arisen and now exists between Plaintiff and the Defendants.  As described above, Plaintiff contends that Defendants' conduct violated certain rights and duties.

CLASS ACTION COMPLAINT                                                              8

39.     A judicial determination of these issues and of the respective rights and duties of Plaintiff and Defendants is necessary and appropriate at this time under the circumstances, including, but not limited to, a determination of any question of interpretation and validity of the written agreements between the parties and the Defendants attempts to limit liability.

40.     Plaintiff seeks a judicial determination of the duties Defendants owe to their users, their duty to operate reliable services, avoid outages, and Defendants' duties during emergencies or when outages may occur.

41.     Plaintiff seeks a judicial determination of the rights of Plaintiff and the class under the circumstance alleged herein.

42.     WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### (Violations of Cal. Civ. Code §§ 1750 Et Seq.)

43.     Plaintiff incorporates by reference each and every allegation contained above.

44.     The acts and practices of Defendants as described above were intended to deceive Plaintiff and the Class as described herein and have resulted in harm to Plaintiff and the Class.

45.     The actions violated and continue to violate the California Consumer Legal Remedies Act (CLRA) in at least the following aspects:

a.      In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that the services have characteristics, uses or benefits, which they do not.

b.      In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that the services are of a particular quality, which they are not.

46.     By committing the acts alleged above, Defendants have violated the CLRA.

47.     Pursuant to California Civil Code § 1780(a) Plaintiff and the Class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, restitution, an order awarding the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780.

48.   WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### THIRD CAUSE OF ACTION

### (Fraud and Deceit)

49.   Plaintiff hereby incorporates all of the foregoing paragraphs.

50.   The conduct of Defendants constitutes a fraud against Plaintiff and the members of the Class. Defendants, directly or through their agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and the members of the Class about the services, trading capabilities, and access to the Defendants' platform, with the intent to defraud. Defendant intended to defraud Plaintiff and the Class by concealing that the service was subject to outages where users would not be able to access their accounts, or make trades, and the fact that the service would fail or become unavailable on high trading volume.

51.   Plaintiff and the Class justifiably relied on the misrepresented facts and were unaware of the concealed and/or suppressed facts and would not have acted as they did if they had known of the true concealed and/or suppressed facts. As a result, Plaintiff and the members of the Class sustained damages.

52.   Defendants, directly and indirectly, made substantially similar misrepresentations and material omissions to Plaintiff and each member of the Class.

53.   On information and belief, Defendants were aware of the fraudulent nature of the statements and omissions as similar outages had occurred in the past, including, a prior outage on the first trading day following leap day in 2016.

54.   As a result of Defendants' wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages.

55.   The aforementioned acts of Defendants were done maliciously, oppressively, and with intent to defraud, and Plaintiff and the Class are entitled to punitive and exemplary damages in an amount to be shown according to proof at the time of trial.

56.   WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**

**(Negligent Misrepresentation)**

57.     Plaintiff hereby incorporates all of the foregoing paragraphs.

58.     Defendants, directly or through their agents and employees, made false representations to Plaintiff and the members of the Class about the Defendants' services and omitted to disclose the possibility of outages, and the occurrence of past outages, when they knew or should have known that such representations were false and/or misleading.

59.     Plaintiff and the Class justifiably relied on the false statements and misrepresented facts and, as a result, sustained damages.

60.     Defendants, directly and indirectly, made substantially similar misrepresentations to Plaintiff and each member of the Class.

61.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing complained of herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

62.     As a result of Defendants' wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages.

63.     WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**

**(Negligence )**

64.     Plaintiff hereby incorporates all of the foregoing paragraphs.

65.     Plaintiff incorporates by reference each and every allegation contained above.

66.     Defendants knew or should have known of the likelihood of system-wide outages, particularly on days in which trading would high.

67.     Defendants had a duty to develop, design, test, and monitor their services. Defendants had a duty to create and maintain a written business continuity plan identifying procedures relating to an emergency or significant business disruption. Such procedures must be reasonably designed to enable the member to meet its existing obligations to customers. Defendants failed to create an adequate plan that satisfied the minimum requirements established by FINRA.

68.     Defendants had a duty to, inter alia, prevent outages, and prevent reasonably foreseeable harm that could have resulted from the outages.

69.     Defendants breached their duties by failing to create an adequate emergency plan, failing to prevent the outages, failing to notify Plaintiff and the Class of the possibility of the outages, and failing to act on the information and warnings from prior outages.

70.     Defendants' individual and collective acts and omissions were actual, substantial causes of Plaintiff's injuries and damages described herein because Plaintiff's injuries would not have happened, but for Defendants' breaches.

71.     Defendants' conduct amounted to gross negligence where Defendants breached their duties by failing to create an adequate emergency plan, failing to prevent the outages, failing to notify Plaintiff and the Class of the possibility of the outages, and failing to act on the information and warnings from prior outages while Defendants knew, or should have known, that said failures were likely to harm to users. Defendants' conduct constitutes gross negligence where the outages were a result of large trading volume or for the failure to account for leap year, or both; outages as a result of either incident are extreme departures from the ordinary standard of care.

72.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff and the Class sustained damages as set forth herein.

73.     WHEREFORE, Plaintiff prays for relief as set forth below

///

///

### SIXTH CAUSE OF ACTION

#### (Violation of California's Unfair Competition Law)

74.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

75.     California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*) is designed to protect consumers from unlawful, unfair, or fraudulent business acts or practices, including the use of any deception, fraud, false pretense, misrepresentation, or the concealment, suppression, or omission of any material fact.

76.     Defendant has engaged, and continues to engage, in **unfair** business practices with regard to its services, as alleged herein.

77.     Defendants' conduct is not outweighed by any countervailing benefits to consumers.

78.     Defendants' conduct is **fraudulent** because Defendants represented that its services were exceptionally fast and that trades were made in real-time, while also concealing the real risk that the service has and would suffer outages that prevent users from making trades and accessing their accounts.

79.     Defendants' conduct and the harm it caused, and continues to cause, is not reasonably avoidable by Plaintiff and the Class members.  Defendants knew or had reason to know that Plaintiff and the Class members could not have reasonably known or discovered the existence of the service problems and outages before the outages took place.

80.     Had Plaintiff and the Class members known that the Defendants' platform suffered outages where users could not access their accounts or make trades, they would not have used the service.

81.     Defendant's conduct is **unlawful** because it violates FINRA rules related to emergency plans, it failed to comply with required disclosures to consumers, and it constituted false and misleading advertising, as alleged herein.

82.     Defendants' unfair, fraudulent, and unlawful business practices directly and

---

CLASS ACTION COMPLAINT                                                           13

1 proximately caused damage to Plaintiff and the Class members.

2    83.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order: (a) requiring

3 Defendants to cease the deceptive and unfair business practices alleged herein; (b) requiring

4 Defendant to restore to Plaintiff and the Class members any money acquired by means of the

5 deceptive and unfair business practices (restitution); and (c) awarding reasonable costs and

6 attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

7    84.    WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

8 ## SEVENTH CAUSE OF ACTION

9 ### (Breach of Fiduciary Duty)

10    85.    Plaintiff incorporates by reference each of the preceding paragraphs as if fully set

11 forth herein.

12    86.    Defendants as brokers owe a fiduciary duty to their investors, including Plaintiff

13 and the Class.  Plaintiff and the Class are customers of Defendants and they trusted Defendants

14 to provide the services the Defendants advertised and promised.

15    87.    The fiduciary duty arising from the relationship between Plaintiff and the Class

16 and Defendants was breached by Defendants' failure to provide the services promised, by

17 Defendants' failure to maintain an adequate emergency plan, and by Defendants' failure to

18 properly disclose the risks of outages and the occurrences of past outages.

19    88.    Defendants breached their fiduciary duties directly and proximately caused

20 damage to Plaintiff and the Class members.

21    89.    WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

22 **VII.    PRAYER FOR RELIEF**

23    WHEREFORE, Plaintiff, on behalf of himself and the Class, pray for judgment as follows:

24    A. For a declaration of the rights and duties of the parties

25    B. For a declaratory

26    C. judgment that Defendants' actions complained herein are violations of the laws set forth

27       herein;

28

CLASS ACTION COMPLAINT                                    14

1     D. Preliminarily and permanently enjoining Defendants from violating their duties and the
2          rights of Plaintiffs as alleged herein;

3     E. Declaring this action to be a proper class action and certifying Plaintiff as the Class
4          Representative;

5     F. Awarding Plaintiff and the other members of the Class compensatory damages against all
6          Defendants, jointly and severally, for all damages sustained as a result of Defendants'
7          wrongdoing, in an amount to be proven at trial, including interest thereon;

8     G. Awarding punitive damages and restitution where available;

9     H. Awarding Plaintiff and the other members of the Class pre-judgment and post-judgment
10    interest, as well as reasonable attorneys' fees, expert witness fees, and other costs and
11    disbursements; and

12    I. Awarding Plaintiff and the other members of the Class such other and further relief as the
13    Court may deem just and proper.

14                       **JURY DEMAND**

15    Plaintiff demands a jury trial on all issues so triable.

16

17    Dated:  March 6, 2020               **COTCHETT, PITRE, & McCARTHY, LLP**

18

19                       By:  _____
                               TYSON C. REDENBARGER
20                               *Attorney for Plaintiff and the Class*

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT                               15



U.S.POSTAGE >> PITNEY BOWES

ZIP 94010 **$ 000.65⁰**
02 4W
0000356706 MAR 19 2020

**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD, SUITE 200
BURLINGAME, CA 94010

**Robinhood Securities, LLC**
Agent of Service:
Incorporating Services, Ltd.
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

95826$2620  CO32

1  MARK C. MOLUMPHY (SBN 168009)
   mmolumphy@cpmlegal.com
2  TYSON C. REDENBARGER (SBN 294424)
   tredenbarger@cpmlegal.com
3  ANYA THEPOT (SBN 318430)
   athepot@cpmlegal.com
4  COTCHETT, PITRE & McCARTHY, LLP
   San Francisco Airport Office Center
5  840 Malcolm Road, Suite 200
   Burlingame, California 94010
6  Telephone:   (650) 697-6000
   Facsimile:    (650) 697-0577
7
   *Attorneys for Plaintiff, Individually and on*
8  *Behalf of All Others Similarly Situated*

9
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                              **COUNTY OF SAN MATEO**
11

12  JASON STEINBERG,                          Case No. 20-CIV-01482
    Individually and on Behalf of All
13  Others Similarly Situated,                **CLASS ACTION**

14                          Plaintiff,        **PROOF OF SERVICE OF CASE**
                                              **MANAGEMENT ORDER #1**
15  v.
                                              JUDGE: Hon. Marie S. Weiner
16  ROBINHOOD MARKETS, Inc.,                  DATE ACTION FILED: March 6, 2020
    ROBINHOOD FINANCIAL LLC,
17  ROBINHOOD SECURITIES, LLC
    and DOES 1 through 20, inclusive,
18
                            Defendants.
19

20

21

22

23

24

25

26

27

28  **PROOF OF SERVICE**                                                      1

1

## PROOF OF SERVICE

2        I am employed in San Mateo County where service of the document(s) referred to below occurred.  I am over the age of 18 and not a party to the within action.  My business address is Cotchett, Pitre, & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame CA 94010.  I am readily familiar with the firm's practices for the service of documents.  On this date, I served or caused to be served a true copy of the following:

3

4

5

6

### Case Management Order # 1

7       ✓  BY E-MAIL:     By e-mail I caused service of this document(s) occurred on the date shown below.  This document is being served electronically and the transmission was reported as complete and without error.

8

9       ✗  BY MAIL:  I placed a true copy of the aforementioned document(s) in a sealed envelope with postage fully paid.  I am familiar with this firm's practice of collection and processing of mail for delivery by the United States Postal Service on the same day in the ordinary course of business.

10

11       _____BY FACSIMILE:  From facsimile machine telephone number (650) 697-0577, on the date shown below, I served a full and complete copy of the above-referenced document(s), and the transmission was reported as complete and without error to the facsimile numbers of the addressee(s) specified on the attached Service List.

12

13

14       _____BY OVERNIGHT COURIER:   I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below.  I am familiar with the firm's practice of collection and processing of correspondence for delivery by On-Trac Overnight.  Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to On-Trac Overnight with a fully completed airbill, under which all delivery charges are paid by Cotchett, Pitre, & McCarthy, that same day in the ordinary course of business.

15

16

17

18

19       _____BY PERSONAL SERVICE:  I am readily familiar with Cotchett, Pitre, & McCarthy's practice for causing documents to be served by hand delivery.  Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified on the attached Service List.

20

21

22       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Burlingame, California, on March 19, 2020.

23

24                        JEANINE H. ACOSTA

25

26

27

28  PROOF OF SERVICE                    1

## SERVICE LIST

1

By Mail
**Robinhood Markets, Inc.**

2
Agent of Service:

3
Incorporating Services, Ltd.
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

4

5
By Mail
**Robinhood Financial LLC**

6
Agent of Service:
Incorporating Services, Ltd.
7801 Folsom Blvd., Suite 202

7
Sacramento, CA 95826

8
By Mail
**Robinhood Securities, LLC**

9
Agent of Service:

10
Incorporating Services, Ltd.
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

11

12
By Mail &One-Legal Filing System-Odyssey
Honorable Marie E. Weiner
Department 2

13
Complex Civil Department
San Mateo Superior Court

14
400 County Center
Redwood City, CA 94063

15
complexcivil@sanmateocourt.org

16

17

18

19

20

21

22

23

24

25

26

27

28
**PROOF OF SERVICE**                                                                    2



**FILED**
SAN MATEO COUNTY

MAR 1 6 2020

Clerk of the Superior Court
By _____
DEPUTY CLERK

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN MATEO

### COMPLEX CIVIL LITIGATION

JASON STEINBERG, individually and
on behalf of all others similarly situated,

        Plaintiffs,

vs.

ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES LLC and
Does 1 through 20, inclusive,

        Defendants.

_____/

Case No. 20CIV01482
CLASS ACTION

Assigned for All Purposes to
Hon. Marie S. Weiner, Dept. 2

**CASE MANAGEMENT ORDER #1**



20 – CIV – 01482
CMO
Case Management Order
2289718

        Pursuant to the Notice of Assignment for All Purposes, Designation as Complex

Case, Setting of Case Management Conference, and Complex Fees due filed March 6,

2020, designating this putative class action case as a complex action, and single assigning

to the Honorable Marie S. Weiner in Department 2 of this Court,

        IT IS HEREBY ORDERED as follows:

        1.      All pleadings, motions, applications, briefs, and any and all other papers in

this case shall be filed with (and related filing fees paid to) the Civil Clerk's Office

1

located in the Hall of Justice, First Floor, Room A, 400 County Center, Redwood City, California. **One extra copy of any such filing shall be (1) electronically served upon Department 2 at email address <u>complexcivil@sanmateocourt.org</u> or** (2) stamped "Judge's Copy" and *delivered by overnight or first class mail directly to Department 2* located at Courtroom 2E, 400 County Center, Redwood City, California 94063. DO NOT LEAVE THE JUDGE'S COPY WITH THE CLERK'S OFFICE. PLEASE ADD DEPARTMENT 2 TO YOUR **E-SERVICE OR** MAILING SERVICE LIST IN THE CASE AS TO ANY AND ALL PAPERS FILED WITH THE COURT. All motions and briefs shall conform with the California Rules of Court, especially Rule 3.1113, and indicate on the caption page that this matter is assigned for all purposes to Department 2. DO NOT FAX COPIES OR CORRESPONDENCE TO DEPARTMENT 2, AS THERE IS NO DEDICATED FAX LINE FOR THE CIVIL COMPLEX DEPARTMENT.

2.      As to any and all motions or other matters requiring a hearing, the hearing date shall be obtained *directly* from and approved by Department 2 at **(650) 261-5102** (and *not* with the Civil Clerk's Office nor with the Research Attorney), ***prior*** to filing of the moving papers or other initial filings.

3.      Pursuant to Section 1010.6(b) of the Code of Civil Procedure, Rule 2.253(a) of the California Rules of Court, and San Mateo County Superior Court Local Rule 2.1.5, all documents in Complex Civil actions (other than the original documents specified below) may be filed electronically. The document (other than exhibits) must be text searchable. Please visit www.sanmateocourt.org for further information on e-filing. **Please note that exhibits to any electronically filed briefs, declarations or other documents must be electronically "bookmarked" as required by CRC Rule 3.1110(f)(4)**

2

4.      Until further order of the Court, the following original documents must still be filed/lodged in hardcopy paper:

Ex Parte Motions and Oppositions thereto

Stipulation and Proposed Order

Proposed Judgments

Abstract of Judgment

Appeal Documents, including Notice of Appeal

Administrative Records

5.      Proposed Orders should be e-filed with the motion or stipulation to which it relates in conformity with CRC Rule 3.1312(c).  You must also email an editable version of the Proposed Order in Word format (not PDF) to complexcivil@sanmateocourt.org so that the judge can modify it prior to signing, if needed.

6.      Correspondence to Department 2, such as discovery letter briefs, requests to take matters off calendar, and requests for rescheduling, regarding actions assigned to the Complex Civil Department may be submitted electronically, rather than paper, by e-mail addressed to complexcivil@sanmateocourt.org  **All e-correspondence must be sent in at least 12 point type.**  This email address is for the Complex Civil Litigation Department to *receive* correspondence, and is not a venue for back-and-forth communications with the judge.  Communications to this email address are *not* part of the official court files – just like a paper letter, they are not "filed" documents – and will be retained for at least 30 days and then be subject to deletion (destruction) thereafter.

7.     All communications to the complexcivil@sanmateocourt.org email address MUST include in the header "subject line" the **Case Number and Name of Case** (e.g., CIV 654321 *Smith v. Jones*).

8.     *Ex parte* applications in this matter shall heard by Department 2, **on Tuesdays and Thursday between 2:00 p.m. and 3:30 p.m.**, and the parties are required to meet the requirements of CRC Rule 3.120 *et seq.*.  With the consent of counsel for *all* parties, telephone conferences on *simple* interim case management matters may be scheduled with the Court for a mutually convenient time and date – with the scheduling and logistics of such telephone conferences to be the responsibility of the requesting party/parties.

9.     As to any discovery motions, the parties are relieved of the statutory obligation under CRC Rule 3.1345, and thus need *not* file a separate statement – instead the subject discovery requests (or deposition questions) and written responses (or deposition answers or objections) must be attached to the supporting declaration on the discovery motion.

10.     Given the nature of this case, the Court views document production and depositions as the most effective means of discovery for adjudication.  Accordingly, no party may propound more than 35 special interrogatories *total* and no party may propound more than 35 requests for admissions (other than as to the authenticity of documents) *total*, without prior court order after demonstration of need and a showing that other means of discovery would be less efficient.

11.     In regard to all discovery disputes, counsel for the parties (and any involved third parties) shall meet and confer on any and all discovery disputes and, if there are remaining disputes, then counsel for each side shall serve on each other and

4

mail/deliver *directly* to Department 2 a short letter brief setting forth the dispute and attaching as *tabbed* exhibits to the letter the subject discovery requests and discovery responses (if any). **The discovery letter brief may instead be electronically delivered to Department 2 via email address complexcivil@sanmateocourt.org.** At the time or prior to submitting the letter briefs, counsel for the parties shall also schedule a discovery conference with the Court to occur no sooner than five court days after *delivery* of the last letter brief to the Court, in order to discuss the dispute. THE DISCOVERY DISPUTE LETTER BRIEFS AND THE DISCOVERY CONFERENCE SHALL BE DONE *WELL PRIOR TO* THE STATUTORY DEADLINES FOR FILING OF ANY MOTION TO COMPEL OR OTHER DISCOVERY MOTION. No discovery motion may be filed by any party unless and until there is compliance with the requirement of this Order, i.e., (i) substantive meet and confer, (ii) exchange of letter briefs, and (iii) discovery conference with the Court. This requirement does *not* constitute an extension of time for any statutory time period for filing and serving any motion under the Civil Discovery Act.

12.     Pursuant to CRC Rule 3.1113(i), the Complex Civil Department, Dept. 2, **does not require any appendix of non-California authorities, unless specifically stated by the Court as to a particular motion.**

13.     The initial Case Management Conference set for June 29, 2020 is VACATED. The initial Case Management Conference is set for **Thursday, May 21, 2020 at 2:00 p.m.** in Department 2 of this Court, located at Courtroom 2E, 400 County Center, Redwood City, California. Counsel for all parties shall meet and confer on all matters set forth in California Rules of Court Rule 3.750 and Rule 3.724(8).

14.     In anticipation of the Case Management Conference, counsel for the parties should be prepared to discuss at the hearing *and* file written case management

conference statements (**in prose and details, *not* using the standardized Judicial Council form**) with a courtesy copy delivered *directly* to Department 2 on or before **May 14, 2020**, as to the following:

    a.    Status of Pleadings and Service of Process;

    b.    Status of Discovery, including the initial production of documents by all parties;

    c.    Status of Settlement or Mediation;

    d.    Conclusions reached after meet and confer on all matters set forth in CRC Rule 3.750 and Rule 3.724(8);

    e.    Any anticipated motions and proposed briefing schedule;

    f.    Setting of next CMC date; and

    g.    Any other matters for which the parties seek Court ruling or scheduling.

15.    Discovery is not stayed.

16.    **PLAINTIFF SHALL PROMPTLY SERVE THIS CMC ORDER #1 UPON ALL DEFENDANTS OR UPON KNOWN COUNSEL FOR DEFENDANTS, and promptly file proof of service.**

DATED:    March 16, 2020

    _____

    HON. MARIE S. WEINER
    JUDGE OF THE SUPERIOR COURT

SERVICE LIST
*Steinberg v. RobinHood,* Class Action 20CIV01482
As of March 2020

Attorneys for Plaintiff and the putative class:

MARK MOLUMPHY
TYSON REDENBARGER
ANYA THEPOT
COTCHETT PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
(650) 697-6000

7

ENDORSED FILED
SAN MATEO COUNTY

MAR 3 0 2020

Clerk of the Superior Court
by TERRA MARAGOULAS
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

COMPLEX CIVIL LITIGATION

| | |
|---|---|
| JASON STEINBERG, individually and on behalf of all others similarly situated, | Case No. 20CIV01482 CLASS ACTION |
| Plaintiffs, | Assigned for All Purposes to Hon. Marie S. Weiner, Dept. 2 |
| vs. | **CASE MANAGEMENT ORDER #2** |
| ROBINHOOD MARKETS, INC.; ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES LLC and Does 1 through 20, inclusive, | |
| Defendants. _____/ | |

Given the orders of the Presiding Judge, local health officials, and the Governor, arising from the Covid 19 pandemic, and

Given the likelihood that the present order of the Presiding Judge, halting all hearings in Department 2 through April 7, 2020, will be extended, and

Giving due priority to hearing previously filed and scheduled motions, over Case Management Conferences and Discovery Conferences,

IT IS HEREBY ORDERED as follows:

1

The Case Management Conference set for May 21, 2020 in Department 2 is

VACATED.  A new Case Management Conference date will be scheduled by the Court

DATED:       March 30, 2020

_____

HON. MARIE S. WEINER
JUDGE OF THE SUPERIOR COURT

ENDORSED FILED
SAN MATEO COUNTY

MAR 3 0 2020

Clerk of the Superior Court
By TERRI MARAGOULAS
DEPUTY CLERK

## AFFIDAVIT OF MAILING

**CASE NUMBER: 20CIV1482**

**JASON STEINBERG vs. ROBINHOOD MARKETS, INC. et al.**

**DOCUMENT: CASE MANAGEMENT ORDER #2**

I declare, under penalty of perjury, that on the following date I deposited in the United State Post Office Mail Box at Redwood City, California a true copy of the foregoing document, enclosed in an envelope, with the proper and necessary postage prepaid thereon, and addressed to the following:

MARK MOLUMPHY
TYSON REDENBARGER
ANYA THEPOT
COTCHETT PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010

ROBINHOOD MARKETS
ROBINHOOD FINANCIAL
ROBINHOOD SECURITIES
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

**Executed on: March 30, 2020**
**at Redwood City, California**

**NEIL TANIGUCHI**
**CLERK OF THE SUPERIOR COURT**

**By:_____**
**Terri Maragoulas**
**Deputy Clerk**

SERVICE LIST
*Steinberg v. RobinHood,* Class Action 20CIV01482
As of March 2020

Attorneys for Plaintiff and the putative class:

MARK MOLUMPHY
TYSON REDENBARGER
ANYA THEPOT
COTCHETT PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
(650) 697-6000

Defendants:

ROBINHOOD MARKETS
ROBINHOOD FINANCIAL
ROBINHOOD SECURITES
7801 Folsom Boulevard, Suite 202
Sacramento, CA  95826



Superior Court of California
County of San Mateo
400 County Center
Redwood City, CA 94063-1655

neopost
03/30/2020
US POSTAGE

FIRST-CLASS MAIL

$000.50⁰



ZIP 94063
041L12203324

ROBINHOOD MARKETS
ROBINHOOD FINANCIAL
ROBINHOOD SECURITIES
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

## PROOF OF SERVICE

**Jason Steinberg v. Robinhood Markets, Inc. et al.**
**San Mateo Superior Court Case No. 20-CV-01482**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On April 7, 2020, I served true copies of the following document(s) described as:

**NOTICE OF REMOVAL**

**DECLARATION OF C. BRANDON WISOFF IN SUPPORT OF NOTICE OF REMOVAL**

**DECLARATION OF MILES WELLESLY IN SUPPORT OF NOTICE OF REMOVAL**

**CIVIL COVERSHEET**

on the interested parties in this action as follows:

**Mark C. Molumphy**
**Tyson C. Redenbarger**
**Anya Theport**
**COTCHETT, PITRE & MCCARTY, LLC**
**San Francisco Airport Office Center**
**840 Malcolm Road, Suite 200**
**Burlingame, CA 94010**
**T: (650) 697-6000**
**F: (650) 697- 0577**
**Email: mmolumphy@cpmlegal.com**
**redenbarger@cpmlegal.com**
**athepot@cpmlegal.com**

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 7, 2020, at San Francisco, California.

Danielle M. Silva